MARY E. SHOUSH, Respondent, v. MISSOURI PA-
CIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 20, 1907.**

**PASSENGER CARRIERS: Negligence: Receiving Passenger: Start-
ing Train: Pleading: Instruction.** The petition alleged that
the defendant suddenly started its train just as plaintiff was
in the act of and had gotten on the step of said car and before
she had sufficient time to enter the car. An instruction re-
quired the defendant to have stopped its passenger cars a suf-
ficient length of time to have made it safe for ingress and
egress of passengers to and from the same. *Held*, there was no
variance, and the instruction was addressed to the issues and
the pleadings.

Appeal from Lafayette Circuit Court.—*Hon. Samuel
Davis,* Judge.

AFFIRMED.

*Scott & Bowker* for appellant.

(1) The instructions must be predicated upon the
case made by the pleadings, and it is error to submit
an issue in an instruction not made by the pleadings.
Dunn v. Railway, 21 Mo. App. 188; Heinze v. Railway,
182 Mo. 528; Bond v. Railway, 110 Mo. App. 131; Heck-
er v. Railway, 110 Mo. App. 162; Yarnell v. Railway,
113 Mo. 570. (2) The instructions given on behalf of
the respondent in this case were clearly erroneous, in
that they failed to require the exercise of due care on
the part of the respondent, and also failed to find that
the acts of the appellant were negligent. Meggioli v.
Transit Co., 108 Mo. App. 416. (3) A railway com-
pany does not have to wait until the passengers have all
reached their seats before starting its train if they ex-
ercise due care in starting the same. Yarnell v. Rail-
way, 113 Mo. 570; Booth v. Railway, 142 Mo. 535; Pry-
er v. Railway, 85 Mo. App. 367. (4) In order to con-

stitute negligence on the part of a railway company in starting its train while the passenger is in the act of going to his seat, or standing, it must be shown that the starting or jerking of the train was unusual, or of such a character as would constitute negligence on its part, before there can be any liability therefor. Pryer v. Railway, 85 Mo. App. 367; Bartley v. Railway, 148 Mo. 124.

*Thomas Walker, Clarence Vivion* and *Alexander Graves* for respondent.

(1) Examination of appellant's instructions shows that they not only embraced everything in respondent's instructions, but more besides. Lewis v. Humphries, 64 Mo. App. 466; Christian v. Insurance Co., 143 Mo. 460; Grocery Co. v. Smith, 74 Mo. App. 419; Olferman v. Railroad, 122 Mo. 533; Davis v. Bond, 84 Mo. App. 504; Hall v. Water Co., 48 Mo. App. 356; Harper v. Morse, 114 Mo. 317.

BROADDUS, P. J.—This is a suit by plaintiff to recover damages for an injury she sustained by reason of the alleged negligence of defendant. The facts, as they appear from plaintiff's evidence, and which are practically undisputed by any evidence on the part of defendant, are that on the twenty-second day of August, 1904, after having procured a ticket for transportation over defendant's road from Holden to Higginsville by way of Kansas City, Missouri, she attempted to board one of defendant's trains at its station in Holden; and that after she had got upon the first step and before she got to the platform the car suddenly started which had the effect of throwing her down, and she was severely injured.

It was shown that defendant's train stops at said station from three to four minutes to let off and take on passengers; that plaintiff was on the platform of the station at a proper place ready to board the train; that

she immediately in company with her husband and son approached the smoker for the purpose of getting on when they were told to take the car next back; that at once all three went as directed to the second car, the husband leading and the son following plaintiff; when they arrived at the second car the husband entered first and the plaintiff followed with the son just behind her; that the car started and, as already stated, plaintiff fell but her son caught her and prevented her from falling off the car; that she did not complain to the conductor that she was injured, and the conductor, brakeman and porter testified that they did not know that she had been injured. That she was severely injured there can be no doubt, if any reliance can be placed on the evidence of the witnesses, including the doctors. The evidence of defendant was to the effect that the train stopped long enough for plaintiff to have boarded the car in safety if she had exercised usual diligence. But, generally speaking, all the positive evidence went to show that plaintiff used due diligence to get on the train after it stopped and that her action was prompt in that respect.

The defendant's contention is that under the evidence plaintiff was not entitled to recover. Defendant's grounds for this contention have no foundation whatever. It is not predicated upon plaintiff's evidence and there is, as said, no substantial evidence upon the part of defendant to overcome that of plaintiff.

There is a special objection made to instruction number one given for plaintiff, viz.: that it submits an issue not made by the pleadings. Said instruction is as follows: "The court instructs the jury that it was the duty of defendant as a common carrier of passengers, by its agents and employees, to have stopped its passenger cars at the depot platform at Holden, Missouri, a sufficient length of time to have made it safe for ingress and egress of passengers in and from the same, and to

enable them to get on and off in safety." The allegation of the petition is that defendant did not stop its cars a sufficient length of time for plaintiff by the use of reasonable diligence to enter them, but defendant's employees in charge of the train negligently caused the car to be started suddenly "just as plaintiff was in the act of and had gotten on the step of said car and before she had sufficient time to enter said car." It seems to us that the instruction was directed to the issue made in the pleadings as plainly as language could express. There is no merit whatever in the appeal. Affirmed. All concur.